UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HIU NGAI MA,

                Plaintiff,

   - against -

SONG WANG and JIAN XIAO,

                Defendants.

**ORDER**

21 Civ. 6182 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        In response to a July 21, 2021 order directing Plaintiff Hiu Ngai Mai to demonstrate why this Court has in personam jurisdiction over Defendants (Dkt. No. 9), Plaintiff filed a supplemental brief asserting, inter alia, that the Court may exercise in rem and quasi in rem jurisdiction over the shares that Plaintiff seeks to enjoin from transfer pending the outcome of an ongoing arbitration in Beijing. (Dkt. No. 10)

        "It is well settled that any exercise of quasi in rem jurisdiction 'must meet the "minimum contacts" standards set forth in International Shoe Co. v. Washington, 326 U.S. 310 (1945), and its progeny.'" Orient Overseas Container Line v. Kids Int'l Corp., No. 96 CIV. 4699 (DLC), 1998 WL 531840, at *5 (S.D.N.Y. Aug. 24, 1998). Plaintiff contends that Defendant Jian Xiao[1] has "minimum contacts" with New York by virtue of his actions "directing and defrauding the New York-based transfer agent in an effort to sell the shares on NYSE, and 'hence expects to benefit from this forum's laws protecting [the shares].'" (Pltf. Supp. Br. (Dkt. No. 10) at 15-16) In support of this argument, Plaintiff cites In re Joint E. & S. Dist. Asbestos

---

[1] Plaintiff is "amenable to [Wang's] dismissal without prejudice pending the arbitration, when he would be subject to an enforcement proceeding here." (Pltf. Supp. Br. (Dkt. No. 10) at 11 n.2)

Litig., 129 B.R. 710, 799 (E.D.N.Y. 1991), vacated, 982 F.2d 721 (2d Cir. 1992), opinion modified on reh'g, 993 F.2d 7 (2d Cir. 1993), where the court exercised in rem and quasi in rem jurisdiction over a trust for personal injuries related to asbestos exposure.  The trust had been created pursuant to a bankruptcy proceeding in the Eastern District of New York and was governed by New York law.  Jurisdiction was premised on the absent class members' contact with the forum to recover funds from the trust.[2]

Here, Xiao – who resides in China – directed an Arizona-based law firm to issue a Rule 144 opinion in support of the resale of shares of stock registered with a New York-based transfer agent.  These actions are not analogous to injured class members seeking to recover funds from a court-created trust.  Plaintiff must submit additional case law in support of Plaintiff's jurisdictional arguments.

Plaintiff also argues that the "Court may assert jurisdiction over actions to enforce judgments that touch upon assets within its jurisdiction."  (Pltf. Supp. Br. (Dkt. No. 10) at 16)  However, there is no judgment in this case, as the arbitration is currently pending.  (Pet. (Dkt. No. 1) at 7)  Plaintiff will supplement Plaintiff's application with case law demonstrating that this Court may exercise jurisdiction in the context of an ongoing arbitration.

Any further submission will be made by August 2, 2021 at 5:00 p.m.

Dated: New York, New York
       July 26, 2021

SO ORDERED.

Paul G. Gardephe
United States District Judge

---

[2] Although the lower court's opinion was vacated on other grounds, "the Second Circuit agree[d] . . . that . . . [t]he Trial Courts are fully entitled to exercise [in rem and quasi in rem] jurisdiction over the beneficiaries of a trust created in New York, pursuant to the authority of a Southern District bankruptcy court."  In re Joint E. & S. Dist. Asbestos Litig., 982 F.2d 721, 735 (2d Cir. 1992).