afn law
Complex Disputes
Seattle - New York
www.afnlegal.com

September 28, 2021

Honorable Paul G. Gardephe
United States District Court,
Southern District of New York
40 Foley Square,
New York, NY 10007

Re: *Hui Ngai Ma v. Song Wang and Jian Xiao.* 1:21-cv-06182-PGG – Emergency Letter Motion To Expedite And For A Brief Temporary Restraining Order

Dear Judge Gardephe:

Pursuant to Federal Rule of Civil Procedure 65 and Rule I.A of the Court's Individual Civil Practice Rules, Petitioner respectfully submits this emergency letter motion to request: (i) expedited consideration of Petitioner's motion to stay and a temporary restraining order pending the outcome of that motion; and (ii) a temporary restraining order pending the Beijing Arbitration Commission's ruling on Petitioner's application for emergency provisional relief.

**I.     Defendant Will Transfer The Shares By September 28, 2021 And Petitioner Is In the Process of Seeking Provisional Relief From The Beijing Arbitration Commission**

On September 23, 2021, the Court issued an order denying a preliminary injunction but held the case open in anticipation of a motion to stay pending appeal. Dkt. 40; September 23 Hearing Tr. at 14:19-20.

On September 27, 2021, undersigned received notice from vStock Transfer ("vStock"), Takung's stock transfer agent, that Defendant has instructed it to immediately transfer the shares regardless of the pendency of any motion to stay before this Court. Undersigned immediately called vStock's CEO, who informed counsel that, in light of Defendant's instruction and the Court's September 23 Order, vStock would transfer shares to Defendant's broker by Tuesday, *September 28, 2021* in the absence of further judicial intervention.

In light of the exigencies and the uncertainties concerning any stay motion and on appeal, Petitioner has instructed Chinese counsel to immediately seek an application for provisional relief before the Beijing Arbitration Commission (the "Commission")—where the underlying arbitration is pending. *See* Accompanying Bai Declaration ("Bai Decl.") ¶ 6. Counsel is working with all haste to prepare an application seeking a freeze over the shares pending arbitration, and will file it as soon as possible with the Commission. *Id.* ¶ 7.

The application for provisional relief, once accepted by the Commission, will take approximately two weeks to resolve—which timeframe may be delayed by the upcoming national day holidays in China, but a decision should issue before late October, 2021. *Id.* ¶¶ 7-10.



Importantly, a request for provisional relief would be governed by Chinese law, which requires neither a showing of irreparable harm nor the unavailability of money damages for an injunction to issue.  *Id.* ¶¶ 11-15.  Instead, the factors governing provisional injunctive relief under Chinese law are: (i) likelihood of success; (ii) whether the circumstances present an "emergency"; and (iii) whether the requested provisional relief is reasonable ***and can be enforced***.  *Id.* ¶ 13.

## II.     The Court Should Temporarily Restrain Any Transfer Pending The Application for Provisional Relief

As previously submitted, CPLR § 7502(c) permits New York courts to:

> entertain an application for an order of attachment or for a preliminary injunction in connection with an arbitration that is pending ***or that is to be commenced*** inside or outside this state … but only upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without such provisional relief.

CPLR § 7502(c) (emphasis added).  Rule 64 of the Federal Rules makes available "every remedy … that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." FRCP 64.

The First Department Appellate Division "has held that the standard that governs in a case involving arbitration is whether the award 'may be rendered ineffectual without such provisional relief', and the standards generally applicable to attachments pursuant to CPLR 6201 (3) [*i.e.* the non-arbitration-related standard attachment statute], such as sinister maneuvers or fraudulent conduct, are ***not required to be shown*** in an application pursuant to CPLR 7502 (c)." *Habitations Ltd., Inc. v. BKL Realty Sales Corp.*, 160 A.D.2d 423, 424 (1990) (emphasis added).

Under the New York Convention, arbitral awards providing provisional relief carry the exact same weight as final awards, and courts in this district must and do enforce such awards—even if the standard under which they were rendered differ from U.S. law.  Indeed, "[i]n the context of arbitration, the public policy favoring the enforcement of arbitration agreements and the confirmation of arbitral awards trumps any other—which may be why [there is not a] single case in which a court has refused to enforce an arbitral award that orders a *Mareva*-style injunction." *CE Int'l Res. Holdings LLC v. S.A. Mins. Ltd. P'ship*, 2012 WL 6178236, at *5 (S.D.N.Y. Dec. 10, 2012) (confirming *Mareva* injunction preventing respondent from transferring any assets, wherever located, up to the amount of $10 million."); *see also Century Indem. Co. v. Certain Underwriters at Lloyd's London*, 2012 WL 104773, at *4 (S.D.N.Y. Jan. 10, 2012) ("courts in this district have found that an interim order mandating prejudgment security in the form of letters of credit is sufficiently separate and final for federal court review and confirmation.")

Here, if the shares are sold, the Petitioner's application for emergency provisional relief—in which the sole relief sought will be an injunction against Defendant's sale of these shares—will



Seattle - New York
www.afnlegal.com

Complex Disputes

certainly be "rendered ineffectual" under CPLR § 7502(c). Notably, one of the required elements of injunctive relief under Chinese law is that the relief sought "can be enforced." Bai Decl. ¶ 13. As such, were the Court to deny a temporary restraining order, and the shares be sold, that ruling may, *in itself*, render Petitioner's application ineffectual. Such a result would run directly contrary to the plain language and intent of the statute.

Accordingly, even if the Court continues to find that the tribunal presiding over the merits of Petitioner's case can award monetary relief, the emergency arbitrator's ability to render provisional relief must be preserved under CPLR § 7502(c).

Given the urgent nature of the situation, undersigned counsel has conferred with counsel for Defendant, who has kindly agreed to be available at 11:30 AM Eastern Time to call the court jointly with undersigned. Unless otherwise instructed, both parties will telephone the Court then for further directions concerning this letter motion.

Respectfully submitted,

**AFN Law PLLC**

s/ *Angus F. Ni*
Angus F. Ni

41 Madison Ave, 31st Floor
New York, NY 10010
Phone: (646) 453-7294

*Counsel for Petitioner*

---

MEMO ENDORSEMENT

Petitioner has moved for an injunction staying the Court's September 23, 2021 ruling pending appeal, or, in the alternative, for reconsideration of the same ruling. (Dkt. No. 45) Petitioner has also moved to expedite the Court's consideration of that motion, and for a temporary restraining order pending its application for provisional relief before the Beijing Arbitration Commission. (Dkt. No. 47) Both applications are denied, for the same reasons the Court explained on the record at the September 23, 2021 hearing. (See Dkt. No. 40)

Further, with respect to the motion to reconsider, the Court notes that Petitioner has filed notice of an interlocutory appeal. (Dkt. No. 44) Filing such notice divests this Court of jurisdiction over the action while the appeal is pending. See Toliver v. County of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992) ("[T]his circuit has repeatedly held that the docketing of a notice of appeal 'ousts the district court of jurisdiction, except insofar as it is reserved to it explicitly by statute or rule.'").

Accordingly, the motions are denied. The Clerk of Court is directed to terminate the motions. (Dkt. Nos. 45, 47)

SO ORDERED.

Paul G. Gardephe
United States District Judge
September 28, 2021

3